# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JPMORGAN CHASE BANK, N.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  5:12-cv-1172-XR** |
| | ) | |
| **SHARON PETERS REAL ESTATE, INC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## ORDER

On this day the Court considered Defendant's 12(b)(7) motion to dismiss for failure to join a party under Rule 19.  (Doc. No. 6.).  For the following reasons, the motion is granted.

## I. Background

### A.    Factual Background

In December 2005, Janice A. Love and Thomas A. Love obtained a mortgage for their property ("Property") from JPMorgan Chase Bank, N.A. ("J.P. Morgan" or "Plaintiff").  It is undisputed that Mr. Love defaulted on the payment obligations of the mortgage after Mrs. Love's death.  A foreclosure sale of the Property was scheduled for September 4, 2012.

On August 31, 2012, the Friday before the scheduled foreclosure sale, Mr. Love sent J.P. Morgan the funds necessary to cure his payment default and cancel the foreclosure sale. However, J.P. Morgan was unable to timely process the funds or notify the substitute trustee, and the foreclosure sale went forward.  Sharon Peters Real Estate, Inc. ("SPRE" or "Defendant") purchased the Property at the foreclosure sale.  According to the Complaint, J.P. Morgan notified SPRE that the foreclosure sale was invalid and returned the purchase funds, but SPRE refused to

execute the documents to rescind the foreclosure sale and proceeded with a forcible entry and detainer action to evict Mr. Love from the Property.

**B.     Procedural Background**

J.P. Morgan filed its original complaint in this Court on December 13, 2012, seeking among other things, declaratory judgment that the foreclosure sale was invalid, J.P. Morgan holds a lien on the Property, and Mr. Love "retains any interest in the Property he held prior to the . . . foreclosure sale."  SPRE filed the instant motion to dismiss for failure to join a party under Rule.  J.P. Morgan filed a response to the motion and SPRE filed a reply.

## II. Analysis

Sharon Peters Real Estate asserts that J.P. Morgan failed to join Mr. Love as a party, and that Mr. Love is indispensable.  Determining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry.  *Hood ex rel Miss. v. Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).  First, the court must determine whether the party should be added under the requirements of Rule 19(a).  *Id*.  Rule 19(a) requires joinder of a person subject to process whose joinder will not deprive the court of subject-matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).  If a person who qualifies under Rule 19(a) cannot be made a party because joinder would destroy subject-matter jurisdiction, the court must determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  FED. R. CIV. P. 19(b).  In this determination, the court should consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* The 1966 amendments to Rule 19 encourage "practical, fact-based" analysis. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). The Federal Rules seek to "bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit may be fairly and completely disposed of." *Pulitzer-Polster*, 784 F.2d at 1308.

### A.    Mr. Love is a required party under Rule 19(a).

#### 1.    Mr. Love claims an interest relating to the subject of this property dispute

An absent person must be joined if "that person claims an interest relating to the subject of the action." FED. R. CIV. P. 19(a)(1)(B). An indispensible party is one whose rights are affected by the judgment resolving the controversy. *Hilton v. Atlantic Ref. Co.*, 327 F.2d 217, 218 (5th Cir. 1964). A court cannot directly adjudicate upon the absent person's rights unless the person is "actually or constructively before it." *Calcote v. Texas Pac. Coal & Oil Co.*, 157 F.2d 216, 220 (5th Cir. 1946). The burden is on the moving party to characterize the interests of the absent party. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 n.11 (5th Cir. 2003) (citing 5A WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE § 1359, at 426).

The Fifth Circuit has determined that non-participating mineral lessees and royalty owners have an interest in property disputes in the context of indispensible party inquiries. *See, e.g., Doty v. St. Mary Parish Land Co.*, 598 F.2d 885, 886 (5th Cir. 1979) (determining that royalty owners and a mineral lessee were indispensible parties in a suit to try title to land); *Schutten v. Shell Oil Co.*, 421 F.2d 869, 870, 874 (5th Cir. 1970) (determining that a lessor who

also claimed title to land was an indispensible party in an action to evict the lessee).  When adjudication of the controversy does not affect a non-participating mineral lessors' rights, joinder is not required.  *HS Res.*, 327 F.3d at 439 (determining in "litigation over one lessor's contribution to a pooled unit, the presence of other lessors is not required").

SPRE argues that Mr. Love's interest in the action is evident from the complaint, which seeks a declaration that Mr. Love is the titleholder to the Property.  J.P. Morgan claims that once the foreclosure sale is invalidated, Mr. Love's regaining title to the property is incidental.  In its complaint, Plaintiff seeks judgment that "title to the Property is unaffected by . . . the foreclosure sale," the foreclosure sale is invalid, and a declaratory judgment that Mr. Love "retains any interest in the Property he held prior to the . . . foreclosure sale."  Actual title to the land must be adjudicated in a quiet title action and in order to provide the declaratory relief sought.  Any effective decree resolving the controversy of the foreclosure sale's validity directly affects Mr. Love's title to the Property.  Like the royalty owners and lessees in *Doty* and *Schutten* whose rights were affected by suits to determine the validity of leases, Mr. Love's rights are affected by this suit to determine title to land.  Mr. Love has an interest in the subject matter of this dispute, affecting his right to actual title.

### 2. Whether Mr. Love's absence may impair or impede his ability to protect his interest or leave an existing party subject to risk of multiple, inconsistent obligations because of the interest.

A person is a required party if that person claims an interest in the subject matter of the action and continuing the action in his or her absence might "as a practical matter, impair or impede the person's ability to protect the interest."  FED. R. CIV. P. 19(a)(1)(B)(i).  If a judgment would injuriously affect a party or impair the party from enforcing rights, that party is necessary.  *HS Res.*, 327 F.3d at 439.  A judgment validating the foreclosure sale would injuriously affect

Mr. Love. Such a judgment would make Mr. Love's current rights to title in the property uncertain. It could impair Mr. Love's ability to protect his property rights if he decided to bring a subsequent action in state court. Mr. Love does not have the opportunity to protect his rights in this action despite the practical impairment he might suffer if J.P. Morgan is unsuccessful.

Alternatively, the court may also consider the risk of leaving an "existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of the absent party's interest. FED. R. CIV. P. 19(a)(1)(B)(ii). Mr. Love may bring an action in state court to quiet title to the Property which, if successful, would impose an additional obligation on SPRE related to the subject matter of this suit. Furthermore, the state court and this Court could come to opposite conclusions regarding the validity of the foreclosure sale and SPRE's title, leaving SPRE subject to inconsistent obligations. *See Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1996) (determining that the threat of inconsistent obligations makes a party indispensible).

### 3. This Court cannot accord complete relief among existing parties in Mr. Love's absence.

An absent person must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(A)(1)(A). A court may be able to afford complete relief if the plaintiff seeks damages only for itself. *Pulitzer-Polster*, 784 F.2d at 1309. However, J.P. Morgan also seeks relief for Mr. Love by requesting declaratory judgment of Mr. Love's property rights. This Court cannot determine the validity of the foreclosure sale without impairing Mr. Love's ability to protect his interest in the property. However, this Court cannot afford complete relief to J.P. Morgan without determining the validity of the foreclosure sale.

**B.      Joinder of Mr. Love is not feasible**

J.P. Morgan argues that if joined, Mr. Love would be joined as a defendant *in rem*, but provides no support for this conclusory assertion.   According to the classical distinction, *in personam* actions are against a person to determine personal rights and *in rem* actions are against property to determine its status.   *Green Oaks Apts., Ltd. v. Cannan*, 696 S.W.2d 415, 418 (Tex. App.—San Antonio 1985, writ denied).   J.P. Morgan brings an action against Sharon Peters Real Estate, not the Property.

The preliminary issue is not whether Mr. Love would proceed in the lawsuit as a plaintiff or a defendant, but rather whether Mr. Love, once joined, would be considered a plaintiff or a defendant for the purpose of diversity.   *See Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973) (determining the person to be joined under Rule 19(a) is a defendant "for purposes of process and procedure" but a plaintiff for purposes of diversity).   The parties' "own determination of who are plaintiffs and who are defendants" does not confer diversity jurisdiction.   *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (aligning both parties seeking validation of a lease as plaintiffs).   In order to determine parties' statuses for diversity, the court "must look beyond the pleadings to the matters actually in controversy."   *Eikel*, 473 F.2d at 963.   The court determines party alignment for diversity jurisdiction according to "principal purpose of the suit and the primary and controlling matter in dispute."   *Indem. Ins. Co. of N. Am. v. First Nat'l Bank*, 351 F.2d 519, 522 (5th Cir. 1965).

This suit seeks to invalidate a foreclosure sale and quiet title to property.   Mr. Love's interests relative to this claim are those of a plaintiff.   He shares the same ultimate interest as J.P. Morgan against SPRE: invalidation of the foreclosure sale and retention of any property rights

held prior to the sale.  Mr. Love's joinder does not alter the primary cause of action seeking to nullify SPRE's interest in the Property.  J.P. Morgan provides no support for how Mr. Love could be a defendant *in rem* under Rule 19.  The Court finds that he is a plaintiff for the purpose of determining diversity.

Joining Mr. Love as a plaintiff would destroy complete diversity.  J.P. Morgan is a citizen of Ohio and SPRE is a citizen of Texas.  It is undisputed that Mr. Love is also a citizen of Texas. Jurisdiction exists under 28 U.S.C. 1332 only if there is "complete diversity;" no plaintiff can be from the same state as any defendant.  *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).  Because Mr. Love and Defendant SPRE are both citizens of Texas, Mr. Love's addition as a plaintiff would deprive this Court of diversity jurisdiction and is therefore not feasible.

### C.    This action cannot proceed without Mr. Love under Rule 19(b).

#### 1.    A judgment rendered in Mr. Love's absence might prejudice Mr. Love or the existing parties.

In determining whether "in equity and good conscience," this Court should proceed in adjudicating this action without Mr. Love or dismiss it, the Court must consider "the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties." FED. R. CIV. P. 19(b)(1).  SPRE argues that Mr. Love suffers prejudice because "he is not prosecuting his own claims" to the property and it is prejudiced because it is defending against claims that Mr. Love may reassert in a subsequent action.  Plaintiff provides the conclusory statement that no party will be prejudiced.  The Court finds that Mr. Love and Defendant suffer prejudice in the absence of Mr. Love.

7

Prejudice requires more than a technical inquiry into whether the absent party would be bound by *res judicata* in a subsequent action. *Schutten*, 421 F.2d at 874. For example in *Doty v. St. Mary Parish Land Co.*, the Fifth Circuit recognized that an absent lessee would probably not be bound by an adjudication of title to the property, but considered that a successful suit to try title to the land would "as a practical matter . . . reduce the economic value of the lease, [and] inject[] an element of uncertainty into all of the lessee's business transactions concerning the lease." *Doty*, 598 F.2d at 887. Additionally, a successful suit would create "precedent adverse to the lessee's claims" that a state court, though not formally bound, might find persuasive if the absent lessee brought a subsequent suit. *Id*.

Similarly, Mr. Love would suffer prejudice if Plaintiff's suit is unsuccessful in obtaining declaratory judgment that Mr. Love is the Property's titleholder and the foreclosure sale is invalid. Such a judgment would affect Mr. Love's rights to title of the Property without affording him the opportunity to protect his own interests in court. Even if such a judgment would not bind Mr. Love in a technical sense, a state court might give informal consideration to the federal court's ruling in a subsequent action. Defendant SPRE also suffers prejudice because it might have to defend against both Mr. Love and J.P. Morgan's claimed interests in separate actions and could be subject to inconsistent obligations.

> **2.    The extent to which prejudice could be lessened or avoided and whether a judgment rendered in the person's absence would be adequate.**

In determining whether a case should proceed or be dismissed, the court must also consider "the extent to which prejudice could be lessened and avoided" and "whether a judgment rendered in the person's absence would be adequate." FED. R. CIV. P. 19(b)(2)-(3). Adequacy refers to the "public stake in settling disputes by wholes, whenever possible." *Provident*

8

*Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968).  At this early stage of litigation, it is possible to adjudicate this property dispute in "whole" by joining all parties who have an interest in the property into the same lawsuit in state court.

Neither party suggests a method for mitigating prejudice, and none appear to be available to this court.  This litigation centers on a question of title to property and the validity of a foreclosure sale.  A judgment cannot fully adjudicate the question of Plaintiff's equitable title without affecting Mr. Love's claim to actual title to the Property.   This Court cannot mitigate the effect on Mr. Love's rights without evading the legal determinations required.  *See Schutten*, 421 F.2d at 975 (upholding a 12(b)(7) dismissal for failure to join a non-participating lessor in a property dispute because "any attempt to fashion a judgment which would lessen [prejudice to the absent party] would result in a meaningless decree").

### 3.     Plaintiff has an adequate remedy in state court if the action is dismissed for nonjoinder.

In order to determine whether J.P. Morgan has an adequate remedy in the case of dismissal, the court should consider the availability of state court as an alternative forum for resolving the dispute.  *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394, 399 n.8 (5th Cir. 1980).  SPRE argues that J.P. Morgan would have an adequate remedy by bringing an action in state court.  J.P. Morgan states it could file in Guadalupe County state court but additional resources would be required.  The Court agrees with SPRE that J.P. Morgan would have an adequate remedy upon dismissal by re-filing in Guadalupe County state court.  The early stage of litigation minimizes the burden of re-filing.  J.P. Morgan presents no argument that it would suffer prejudice or have an inadequate remedy in state court; the Property is situated in Guadalupe County and J.P. Morgan's equitable title is governed by state law.

The availability of state court alone does not necessitate dismissal.  *Brown v. Pac. Life*

*Ins. Co.*, 462 F.3d 384, 394 (5th Cir. 2006).   "Judicial economy and convenience do not in themselves provide grounds for dismissal."   *Boone v. Gen. Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982).   However, this factor in combination with the other Rule 19(b) factors lead this Court to believe that "in equity and good conscience" this action cannot proceed without the joinder of Mr. Love.   The "essence" of the Rule 19(b) criteria is to "balance the rights of all concerned." *Schutten*, 421 F.2d at 873.   This includes the right of the plaintiff to "'control' his own litigation and choose his own forum."   *Id.*   However, it also includes the right of the defendant to avoid defending duplicative litigation and risk inconsistent obligations, and the right of the absent party to protect his own rights in an adjudication of them.   *Id.*   It is the availability of state court in conjunction with SPRE's right to avoid duplicative and potentially inconsistent litigation and Mr. Love's right to defend his own property interests that necessitate dismissal for inability to join Mr. Love.

### III. Conclusion

In light of the foregoing, Defendant's motion to dismiss the case for failure to join a required party is GRANTED.   (Doc. No. 6).   This case is DISMISSED WITHOUT PREJUDICE.   The Clerk is directed to enter a final judgment and to close this case.

It is so ordered.

SIGNED this 15th day of July, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

10